UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE,<br><br>                              Plaintiff,<br><br>v.<br><br>P. COVELLO, et al.,<br><br>                              Defendants. | Case No.:  20-cv-00159-LAB (JLB)<br><br>**REPORT AND RECOMMENDATION RE: (1) DEFENDANTS' MOTION TO DISMISS COMPLAINT; AND (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**[ECF Nos. 19, 24]** |

Before the Court is Defendants' Motion to Dismiss the Complaint (ECF No. 19) and Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 24).  The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California.  Upon review of the filings, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 24) and **DENY AS MOOT** Defendants' Motion to Dismiss the Complaint (ECF No. 19).

## I.      BACKGROUND

Plaintiff Ernest Kelly Holestine ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2020.  (ECF Nos. 1; 4.)  In his complaint, Plaintiff alleges that various prison officials at Richard J. Donovan Correctional Facility violated his Eighth Amendment rights by failing to protect him from the assault of another inmate, labeling him an informant, and conspiring against him.  (ECF No. 1 at 20.)  He further alleges that various prison officials violated his First Amendment rights when they retaliated against him for attempting to report misconduct by prison staff.  (*Id.*)  Finally, he alleges several violations of state tort law, including battery by a fellow inmate.  (*Id.* at 20–21.)

On June 26, 2020, Defendants[1] filed a motion to dismiss Plaintiff's Fifth Cause of Action against Defendants Covello, Paramo, Armenta, Covel, Bracamonte, Smith, and A. Gonzalez for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 19.)   Defendants also asked the Court to decline to retain supplemental jurisdiction over the state law claims against these Defendants.  (*Id.* at 7.)  Plaintiff filed an opposition.  (ECF No. 22.)

On August 6, 2020, Plaintiff filed a motion seeking leave to file a first amended complaint.  (ECF No. 24.)  As required by Civil Local Rule 15.1, Plaintiff attached his proposed First Amended Complaint to his motion.  (*See id.* at 13–97.)  Plaintiff claims he addressed the issues raised by Defendants in their motion to dismiss, adding additional detailed factual allegations to support his Fifth Cause of Action.  (*See id.* at 4.)   On September 3, 2020, Defendants filed a Notice of Non-Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, stating in full: "PLEASE TAKE NOTICE that Defendants do not oppose Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 24)."  (ECF No. 26.)

---

[1]      All Defendants except for inmate M. Gonzalez filed the motion to dismiss.  The summons was returned unexecuted against inmate M. Gonzalez.  (*See* ECF Nos. 18; 21.)

20-cv-00159-LAB (JLB)

## II.   DISCUSSION

### A.   Legal Standard

Within twenty-one days after service of a Federal Rule of Civil Procedure 12(b) motion, a party may amend its pleading once as a matter of course.  Fed. R. Civ. P. 15(a)(1); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).  In all other cases, a party may amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Leave should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC*, 316 F.3d at 1051 (internal quotation marks and citations omitted).  When considering whether to grant leave to amend, a district court should consider the *Foman* factors, which include: "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility."  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B.   Analysis

Here, Plaintiff constructively filed his motion for leave to file an amended complaint only thirty-seven days after Defendants filed their motion to dismiss.  (*See* ECF Nos. 19; 24.)  Plaintiff therefore sought leave to amend his complaint without undue delay and without any apparent prejudice to Defendants.  Indeed, Defendants do not oppose the motion.  Accordingly, the Court recommends that Plaintiff's motion for leave to file his proposed First Amended Complaint be **GRANTED** and Defendants' motion to dismiss be **DENIED AS MOOT**.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (internal quotation marks and citation omitted)).

///

///

20-cv-00159-LAB (JLB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.    CONCLUSION & RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 24); (3) **DENYING AS MOOT** Defendants' Motion to Dismiss (ECF No. 19); and (4) directing the Clerk of Court to file Plaintiff's proposed First Amended Complaint (ECF No. 24 at 13–97) on the docket.  Any objections to this Report and Recommendation shall be filed in accordance with 28 U.S.C. § 636(b)(1)(C).

**IT IS SO ORDERED.**

Dated:  September 14, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge

20-cv-00159-LAB (JLB)