UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE, CDCR #J-01366,<br><br>                              Plaintiff,<br><br>vs.<br><br>PATRICK COVELLO, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-0159-LAB-JLB<br><br>**ORDER GRANTING EXTENSION OF TIME TO SERVE DEFENDANT MIGUEL GONZALEZ** |

    Ernest Kelly Holestine, currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, has filed a complaint against several prison officials and another inmate, Miguel Gonzalez. The Court previously directed the U.S. Marshal to serve a copy of the Complaint and summons upon each Defendant. Dkt. 4. Holestine promptly completed the necessary forms and provided them to the U.S. Marshal, who attempted to serve Gonzalez by mail at the California Health Care Facility at Stockton, California. That attempt failed because, as the Marshal wrote, "per Lt.

Coordinator, cant acapt [*sic*] service."[1] Mot. Ex. C. There is no indication that the Marshal made any further attempt, and Holestine only learned of the failed service after inquiring into its status. Holestine seeks an extension of time to serve Gonzalez.

When a court orders the Marshal to serve a defendant, the Marshal must "[take] the proper steps . . . to serve copies of the summons and complaint effectively." *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990). Holestine has diligently pursued service, but the Marshal appears to have made no attempt at service after learning that mail service wasn't accepted. The Court finds good cause for the extension and **GRANTS** the Motion. The Court **ORDERS** as follows:

1) Holestine's time to serve Gonzalez with the Complaint and summons is extended to **November 15, 2020**.

2) The U.S. Marshal must serve a copy of the Complaint and summons upon Defendant Gonzalez as Holestine previously directed on the USM 285 Form. Due to the previous failure of mail service, the Marshal must attempt personal service. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Service must be completed by **November 15, 2020**. Should another service attempt fail, the Marshal is **ORDERED** to attempt by another means or inform Holestine why another means is not feasible. The Marshal is further **ORDERED** to promptly notify Holestine of any failed attempts and/or of the completion of service.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The Court reads this language to indicate that an official at CHCF Stockton couldn't accept service on Gonzalez's behalf.

3) Plaintiff must, after the U.S. Marshal effects service, serve upon Gonzalez (or, if counsel has appeared for Gonzalez, that counsel) a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).

4) The Clerk must provide Plaintiff with a blank USM 295 Form. The Clerk must also provide one certified copy each of: this Order; the Court's April 8, 2020 Order in this matter, Dkt. 4; the Complaint; and the previously-issued summons. Due to the passage of time and the possibility that Gonzalez's address has changed in the interim, Plaintiff must provide the U.S. Marshal with an updated USM Form 285 for Gonzalez.

**IT IS SO ORDERED**.

Dated: September 23, 2020

Hon. Larry Alan Burns
Chief United States District Judge