UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE, CDCR #J-01366,<br><br>Plaintiff,<br><br>vs.<br><br>P. COVELLO; D. PARAMO; F. ARMENTA; C. COVEL; P. BRACAMONTE; LT. SMITH; A. GONZALEZ; R. HERRERA; C. TAYLOR; F. CAMACHO; N. UHDE; C/O SALAS; M. GONZALEZ,<br><br>Defendants. | Case No.: 3:20-cv-0159-LAB-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND**<br>**[ECF No. 53]** |

**I.     Procedural History**

Ernest Kelly Holestine, ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") located in Soledad, California is proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. Section 1983.  On December 21, 2020, Plaintiff filed his First Amended Complaint ("FAC").  (*See* ECF No. 35, FAC.) Plaintiff alleged that Defendants, officials from the Richard J. Donovan Correctional

Facility ("RJD"), violated his constitutional rights and he also brings state law claims against these same Defendants. (*See generally* FAC.)

Defendants A. Gonzalez, Smith, Herrera, Covello, Paramo, Covel, Armenta, and Bracamonte filed a Motion to Partially Dismiss Plaintiff's FAC pursuant to Federal Rules of Civil Procedure 12(b)(6). (*See* ECF No. 34.) On June 9, 2021, the Court granted Defendants' Motion. (*See* ECF No. 48 at 16.) Specifically, the Court dismissed Plaintiff's First Amendment retaliation claim against Defendant Herrera. (*See id*.) In addition, the Court dismissed Plaintiff's Fifth, Eighth, and Ninth causes of action against Defendants Covello, Paramo, Armenta, Covel, Bracamonte, Smith, and A. Gonzalez. (*See id.*)

Plaintiff has filed a "Motion to Alter or Amend the Order Granting Defendants' Motion to Dismiss." (ECF No. 53.) Plaintiff does not seek reconsideration of the Order dismissing the First Amendment retaliation claims against Defendant Herrera. (*See id.* at 2.) Plaintiff instead seeks reconsideration of the Court's dismissal of the Fifth, Eighth, and Ninth causes of action found in Plaintiff's FAC. (*See id.*) Defendants have filed an Opposition to Plaintiff's Motion. (*See* ECF No. 61.)

## II.     Motion for Reconsideration

### A.     Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed.R.Civ.P. 60(b).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides

for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's Motion

#### 1. Eighth Amendment – failure to protect claim

Plaintiff's Fifth cause of action sought to hold Defendants Covello, Paramo, Armenta, Covel, Bracamonte, Smith, and A. Gonzalez liable because they allegedly "subjected Plaintiff to cruel and unusual punishment when they deliberately failed to protect him from the substantial and pervasive pattern of violence." (FAC at ¶ 156.) He further alleged that these Defendants "failed to lawfully administer, train, supervise, and discipline their subordinate employees leading to Plaintiff being battered by another inmate." (*Id.*)

These Defendants argued in their Motion that they should not be held liable for the attack on Plaintiff in their supervisory capacity because Plaintiff "cannot plead that any of them had an involvement or even knowledge of the purported planned assault." (Defs.' Mtn. to Dismiss, ECF No. 34 at 14.)

Specifically, Plaintiff sought to hold these Defendants liable on a "failure to train" theory. In his current Motion, Plaintiff argues Defendants were "indirectly involved by deliberately failing to protect him from the substantial and pervasive pattern of violence and by deliberately failing to lawfully administer, supervise, train and discipline their subordinates." (Pl.'s Mot., ECF No. 53 at 8.)

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " *Id.* at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient

that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Id.*; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff argues that his allegations in his FAC that the supervisory Defendants deliberate indifference was due to "other unconstitutional living conditions that was the direct and proximate cause of their subordinates conspiring with the inmate to assault Plaintiff" are sufficient to state a claim based on supervisory liability. (Pl.'s Mot. at 8 citing FAC at ¶¶ 65, 89, 156.)

Specifically, Plaintiff alleges in his FAC that "[u]pon information and belief, the conspiracy to assault Plaintiff, as well as the other retaliatory actions perpetrated against him was allowed to occur as a direct and proximate result of the substantial and pervasive pattern of violence, code of silence, and other pattern of staff and inmate misconduct that had flourished unchecked at the RJDCF for many years." (FAC at ¶ 65.)

Plaintiff argues that the Court erred in finding that he had failed to allege sufficient factual allegations to support a causal connection between the supervisory Defendants failure to train and the actions purportedly taken by inmate Gonzalez against Plaintiff.  In support of this argument, Plaintiff contends that, like the plaintiff in *Starr*, he has sufficiently alleged that the "supervisory Defendants deliberate indifference to the substantial and pervasive pattern of violence, as well as their deliberate failure to supervise, train and discipline their subordinates, was casually connected to, and was the moving force behind, Plaintiff being assaulted by another inmate." (Pl.'s Mot. at 11.)

However, in *Starr*, the Ninth Circuit found that the plaintiff's complaint made "detailed factual allegations that go well beyond reciting the elements of a claim of deliberate indifference." *Starr*, 652 F.3d at 1216.  These factual allegations included a report by the United States Department of Justice providing the Los Angeles Sheriff with

a "findings letters" that showed a "continued and serious pattern of practices of constitutional violations including [] abuse of inmates by sheriff's deputies working in the jail and inmate on inmate violence." *Id.* at 1209. The plaintiff in *Starr* also outlined specific factual allegations that demonstrated that the defendant sheriff was "given notice, in several reports, of systematic problems in the county jails under his supervision that have resulted in these deaths and injuries" but continued to fail to protect inmates under his care. *Id.* at 1216. Unlike the complaint filed in Starr, Plaintiff's FAC fails to contain specific factual allegations that would be sufficient to "plausibly establish the defendant[s] 'knowledge of' and 'acquiescence in' the unconstitutional conduct of [their] subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 41 (9th Cir. 2012).

Moreover, the exhibits he attaches to his FAC do not support a finding that any of the named supervisory Defendants were deliberately indifferent to a serious risk to his safety. Plaintiff alleges that "[u]pon information and belief, there were literally thousands of staff complaints and inmate appeals being filed each year by the RJDCF inmates complaining about the staff and inmate violence and other misconduct." (FAC at ¶ 90.) In support of this claim, Plaintiff alleges he "filed one such appeal" and attaches this grievance as Exhibit 3 to his FAC. (FAC at 59-62, Inmate/Parolee Appeal CDCR Form 602, Log No. RJD-C-18-05278 dated August 19, 2018; Second Level Appeal Response Log No. RJD-C-18-05278.) In this grievance, Plaintiff is claiming that prison officials are failing to properly process his administrative grievances and are engaging in a "civil conspiracy." (*Id.* at 59-60.) This grievance does not name any of the named supervisory Defendants and does not contain any allegations of violence by staff or inmates. (*See id.*) Defendant Paramo did respond to this grievance by granting Plaintiff's request in reinstating his appeal that he claimed had been improperly processed. (*See id.* at 61-62.) This grievance did not put Defendant Paramo on notice that Plaintiff was at risk of being attacked by another inmate.

Plaintiff also submits grievances filed by other inmates in support of his claims that the supervisory Defendants were deliberately indifferent to risks to his safety. Plaintiff

submits the grievance of Inmate Vasquez who filed a grievance claiming that staff was "making fun of his disability." (*Id.* at 64, Ex. 4, Inmate/Parolee Appeal CDCR Form 602, Log No. RJD-C-17-5522 dated September 21, 2017.)  He also submits a grievance filed by Inmate Schell who claimed that a teacher on staff was not adequately recording the college courses he completed and had made mistakes in how his educational accomplishments were entered into the CDCR's files.  (FAC at 68-69, Inmate/Parolee Appeal CDCR Form 602, Log No. RJD-C-18-0009 dated January 7, 2018.)  Plaintiff acknowledges that these appeals "may not have conveyed a risk of harm from inmate assault, they DID convey A risk of serious harm."  (Pl.'s Mot. at 15) (emphasis in original.) While these grievances may qualify as descriptions of "staff misconduct," they involve no use of force or threat of violence from other inmates that would "plausibly establish the defendant[s] 'knowledge of' and 'acquiescence in' the unconstitutional conduct of [their] subordinates." *Hydrick*, 669 F.3d at 41.

   While Plaintiff relies on *Starr* to seek to hold all the named purported supervisory Defendants liable for the alleged attack by another inmate in his Eighth cause of action, he still has not stated a claim against Defendants Armenta, Covel, Bracamonte, Smith, and A. Gonzalez based on their supervisory roles.  As stated above, the Ninth Circuit found in *Starr* that Sheriff Baca could be held liable on his supervisory capacity because the plaintiff had alleged specific factual allegations that Sheriff Baca had "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates." *Starr*, 652 F.3d. 1202.  The plaintiff was found to adequately plead supervisory liability as to Sheriff Baca because, as stated above, he set forth multiple specific factual allegations as to how Sheriff Baca knew of these alleged unconstitutional conditions.  Here, there are no such specific factual allegations as to Defendants Armenta, Covel, Bracamonte, Smith, or A. Gonzalez in either Plaintiff's FAC or his current Motion that would support a claim of supervisory liability against them.

     Plaintiff argues that "CDCR memoranda were by submitted by Dr. Sarah Beyer to Defendants Bracamonte, Covel, Armenta, Paramo, and Covello for investigation and review." (FAC at ¶ 103.) Plaintiff claims these memoranda reported "misconduct and other unethical and illegal activity being committed by their coworkers." (*Id.*) Plaintiff also claims he documented an excessive force incident in April of 2018, a "physical altercation" between two inmates also in April of 2018, and another excessive force incident in September of 2018 that was submitted to his "assigned mental health clinicians" who in turn submitted it to "Dr. Beyer." (*Id.* at ¶ 104.) Plaintiff claims that based on his "information and belief" these supervisory Defendants "were each routinely authoring, reviewing, signing, and/or submitting these various reports to CDCR and RJDCF division and administrators as part of their assigned duties." (*Id.* at ¶ 106.) He further claims, "through these various reports, these Defendants were repeatedly briefed regarding the substantial and pervasive patterns of violence, code of silence, and other staff and inmate misconduct in at the prison." (*Id.* at ¶ 107.) Plaintiff claims Defendant Smith was witness to an excessive force incident in 2016. (*Id.* at ¶ 108.)

     In *Starr*, the Ninth Circuit stated that in relation to the plaintiff's pleading "it is somewhat tedious to recount the many allegations in the complaint detailing what [the defendant] knew or should have known, and what the [defendant] did or failed to" because this list of examples by the plaintiff was so lengthy and factually detailed. *Starr*, 652 F.3d at 1209. In this matter, Plaintiff only referred to a few incidents, most of which involved excessive force which is not a claim in the Plaintiff's FAC and occurred more than a year prior to the incident giving rise to Plaintiff's claim. These allegations are insufficient to state a claim of supervisory liability as to Defendants Bracamonte, Covel, Armenta, Paramo, and Covello. A court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), or "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Keats v. Koile*, 883 F.3d 1228, 1248 (9th Cir. 2018).

///

### 2. Dismissal of Defendants Paramo and Covello

The Court dismissed Plaintiff's Eighth Amendment failure to protect claims against Defendants Paramo and Covello for failing to allege facts sufficient to state a claim against them. (June 9, 2021 Order at 13-14.) In Plaintiff's Motion, he argues that the Court "misconstrued" his allegations as to these two Defendants and he was attempting to allege factual allegations to support a claim that they were aware of a "conspiracy to retaliate by the RJD Appeals Staff and Officers." (Pl.'s Mot. at 14-15.) However, while Plaintiff has alleged a claim of conspiracy in his Second cause of action, neither Defendant Paramo nor Covello are named in this cause of action. (*See* FAC at ¶ 153.)

### 3. Negligent Protection

Plaintiff also seeks reconsideration of the Court's Order dismissing his Eighth cause of action. In this cause of action, Plaintiff claimed Defendants "Covello, Paramo, Armenta, Covel, Bracamonte, Smith, A. Gonzalez, Taylor, and Camacho had a mandatory duty, imposed by the 'special relationship' doctrine between jailors and prisoners, to exercise reasonable care so as to control the conduct of other prisoners to prevent them from intentionally harming Plaintiff." (FAC at ¶ 159.)

Under California Government Code section 820.8, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person." *Id.* However, a public employee can be held liable for "injury proximately caused by his own negligent or wrongful act or omission." *Id.*

Plaintiff argues in his Motion that he "did allege that it was the Defendants' own negligent action that caused him to be unreasonably exposed to the foreseeable risk of harm posed by Defendant M. Gonzalez being inappropriately housed in the Building C15 special mental health unit." (Pl.'s Mot. at 13.) In his FAC, Plaintiff claims that the "violent acts committed by Defendant M. Gonzalez occurred in full view of Defendants Taylor, Camacho, and other RJDCF officers." (FAC at ¶ 77.) However, Plaintiff's FAC does not tie the actions of M. Gonzalez, or his alleged known behavior, to the supervisory Defendants. "Supervisory personnel whose personal involvement is not alleged may not

be held responsible for the acts of their subordinates under California law." *Milton v. Nelson*, 527 F.3d 1158, 1159 (9th Cir. 1975) (holding under California law, including § 820.8, a prison director, warden, and associate warden could not be held vicariously liable for the actions of their subordinates)).

    4. <u>Negligent Supervision</u>

  Plaintiff also seeks reconsideration of the Court's dismissal of his Ninth cause of action seeking to hold the supervisory Defendants liable for "negligent administration, supervision, and discipline" under California state law. (Pl.'s Mot. at 21.) In the Court's June 9, 2021 Order, the Court found that these Defendants were immune under California Government Code Section 820.2 that provides that a "public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." *Id.*

  Plaintiff argues that the Court erred in finding that Defendants were entitled to immunity under § 820.2 in a motion to dismiss because the issue is a "question of disputed fact, it was not allowed to be resolved by the Court on the Defendant' Motion to Dismiss." (Pl.'s Mot. at 16-17.) Contrary to Plaintiff's assertion, the Ninth Circuit has held Courts may properly answer questions of immunity under § 820.2 on a motion to dismiss for failure to state a claim. *See Steinle v. City and County of San Francisco,* 919 F.3d 1154, 1162 (9th Cir. 2019).

  Plaintiff points to no new evidence not previously considered, no clear error in the Court's analysis, and no change in the controlling law. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). Motions for reconsideration, like the one Plaintiff has filed in this case, do not offer parties a "second bite at the apple," *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001), and may not "be used to ask the Court to rethink what it has already thought." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's

judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.").

While Plaintiff disagrees with the Court's June 9, 2021 Order, as the party seeking reconsideration, he must do "more than disagree[] with the Court's decision," or offer a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

### III. Leave to Amend

For the reasons set forth above, the Court finds that further amendment as to Plaintiff's Ninth cause of action is futile and dismisses this claim without leave to amend. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

However, in light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to amend his Fifth and Eighth causes of action to sufficiently state a claim. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV. Conclusion and Orders

For the reasons explained, the Court:

(1) GRANTS in part, and DENIES in part Plaintiff's Motion to Alter or Amend the Order Granting Defendants' Motion to Dismiss (ECF No. 53); and

(2) GRANTS Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be

considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "Second Amended Complaint," contain S.D. Cal. Civil Case No. 20cv0159-LAB-JLB in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a.[1] The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

(3)  DENIES Plaintiff's Motion for Extension of Time to File Amended Complaint (ECF No. 55) as moot in light of the Court's ruling above.

**IT IS SO ORDERED**.

Dated: September 3, 2021

Hon. Larry Alan Burns
United States District Judge

---

[1] S.D. CAL. CIVLR 8.2a provides, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983 must be legibly written or typewritten on forms supplied by the Court" and "[a]dditional pages not to exceed fifteen (15) in number."